Filed 10/15/21  P. v. Garcia CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESSE MANUEL GARCIA,<br><br>    Defendant and Appellant. | F078898<br><br>(Super. Ct. No. F16902218)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

William I. Parks, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Jesse Manuel Garcia was convicted of various crimes arising out of an assault and battery at a bar.  The court imposed a Third Strike life sentence and ordered him to pay certain fines and fees.  He now appeals that sentence.  We affirm.

## BACKGROUND

### Charges

The Fresno County District Attorney charged Garcia with three crimes: felony battery (Pen. Code,[1] § 243, subd. (d); Count 1), felony assault (§245, subd. (a)(4); Count 2), and robbery (§ 211; Count 3). It was further alleged Garcia personally inflicted great bodily injury (§ 12022.7; Count 2) and suffered various prior convictions. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), § 667, subd. (a), & § 667.5, subd. (a)).

### Trial Evidence

The incident in this case took place at a bar one evening. At some point a melee broke out during which one patron was knocked to the ground and suffered a broken ankle. Multiple staff members identified Garcia as an assailant in the melee, particularly with respect to the broken ankle victim. As Garcia exited the bar, at least two staff members followed him outside.

While outside, Garcia snatched the phone from one woman who was attempting to take a photograph. At the same time, the local police arrived on scene. Garcia fled, smashed the phone, and was subsequently detained and arrested.

### Verdict and Sentence

The jury found Garcia guilty as charged. The trial court found the prior conviction allegations true in a bifurcated proceeding. Garcia was sentenced to serve 53 years to life in prison. He was also ordered to pay $10,000, $120, and $90 in separate fines and fees.[2]

## ANALYSIS

Garcia argues "the court's failure to dismiss the prior strike offense must be viewed as an abuse of discretion, and may also amount to a denial of constitutional due

---

[1] All statutory references are to the Penal Code.

[2] These fines were imposed pursuant to sections 1202.4, 1465.8, and Government Code, section 70373, respectively.

2.

process." He also contends "[i]mposition of … assessments and fines absent an ability to pay determination violates due process under the state and federal constitutions …." We discern no error or constitutional violation.

## I. Three Strikes Sentence Properly Imposed

In attacking the sentence, Garcia claims the trial court "[i]gnor[ed]" his " 'background, character and prospects.' " He asserts "the court apparently chose to discount all the factors related to [his] personal circumstance." The record does not support his contention.

### A. Additional Background

At the sentencing hearing, defense counsel informed the court,

> "[A]s Mr. Garcia wrote to the Court, at the time that this happened he was gainfully employed. He owned his own house. He was engaged. And leading up to this point he was helping to raise his niece and nephew. He was involved with the church volunteer work. It appeared Mr. Garcia was trying to do what he can do to set himself straight."

Counsel ultimately sought a 25 or 30-year sentence.

The court pointed out Garcia was released from prison approximately 18 months prior to this incident. The prosecutor added, "Garcia was absconding from parole when this offense occurred …."

The court preceded pronouncing judgment with the following comments:

> "Mr. Garcia, your comments both to the probation officer and in your letter, obviously, do not necessarily refer to much of any remorse on your part as to the victim in question. I understand you like your family. You care for your family. You love your family members, and you want to be there for them. But you don't seem to have the same empathy for someone else's family. It's really interesting how people are always more interested in what's theirs rather than have similar feelings for someone else's family member. If that was your family member on the floor being kicked, you probably wouldn't have liked that. But if someone else's

3.

family member, it doesn't seem to [faze] you. And you try to explain it by saying things like you've been in high maximum prisons and things would have been much worse had it been you truly involved in this incident. Which again, shows a callous lack of interest and care and sympathy for anyone else, let alone empathy. I don't find that in your words or letter outside of your self-centered interest of your own immediate family. And that's fine to have care and concern for your immediate family members. But your lifestyle has shown that you have never learned to extend that to anybody, but yourself and or those immediate family members of yours. Even the woman that you did care for years ago, you did not take her life to be important enough to not abuse it to the point where you were convicted and sentenced to prison for 22 years. That's a long prison commitment, sir. You didn't learn a whole lot from that. When you came out, you didn't live the parole appropriate lifestyle. Not only did you abscond, you put yourself in positions where you made poor choices because of the alcohol, because of the emotional status of more aggravated and excitement that could come out of those kind of settings. You certainly have not shown that you learned much at all from having the opportunity to have lived in a free society."

A Third Strike life sentence was subsequently imposed.[3]

### B. Analysis

" '[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, "in furtherance of justice" pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as

---

[3] The court did strike the five-year prior serious felony enhancements. (§ 667, subd. (a).)

though he had not previously been convicted of one or more serious and/or violent felonies.' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

"Thus, the three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Carmony, supra,* 33 Cal.4th at p. 378.)

The trial court's decision, one way or the other, is reviewed for abuse of discretion. "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citation.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra,* 33 Cal.4th at pp. 376–377; *People v. McDowell* (2012) 54 Cal.4th 395, 430.) "[A] trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances." (*Carmony, supra,* 33 Cal.4th at p. 378.)

This case does not present exceptional circumstances. The trial court found Garcia was dangerous to society, engaged in violent conduct, repeatedly violated the law with increasing severity, absconded from parole at the time of this offense, had previously failed to comply with supervision, and lacked remorse. These findings are all reasonable.

Lack of remorse, in this case, is a fact the court found particularly concerning and, because that fact is based on the trial court's personal observations, it is a finding uniquely within its province. We are loath to discredit it and substitute our own resolution. It is true that Garcia submitted evidence relating his future prospects. Nonetheless, on balance we cannot conclude the decision to impose a Three Strikes sentence in this case was arbitrary, capricious, or irrational as a matter of law.

Finally, Garcia claims the court ignored certain individualized factors relating to him. There is nothing in the record to indicate the court ignored any argument or evidence. The absence of a trial court's line-by-line reasoning does not overcome the presumption it acted lawfully. (*Carmony, supra,* 33 Cal.4th at pp. 376–377; see *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 ["where a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order."].) Garcia has failed to meet his burden to prove an abuse of discretion.[4]

## II. Fines and Fees Properly Imposed

"[A] defendant bears the burden of proof on [ability to pay]. [Citations.] Thus, … upon proper objection, the court must hold a hearing at which defendant will have an opportunity to bear his burden of proof on the issue of ability to pay." (*People v. Cowan* (2020) 47 Cal.App.5th 32, 49-50 (*Cowan*).) "[A] defendant forfeits a challenge to the trial court's imposition of a restitution fine above the statutory minimum for failing to consider his or her ability to pay if the defendant did not object in the trial court." (*People v. Smith* (2020) 46 Cal.App.5th 375, 395.)

Here, "[b]ecause the $10,000 restitution fine the trial court imposed far exceeded the statutory minimum of $300, [Garcia] had the opportunity to argue he was unable to

---

[4] We note Garcia mentions a constitutional due process violation but makes no effort to describe the violation. " ' " '[W]e treat the point as waived.' " ' " (*Hoffman v. Young* (2020) 56 Cal.App.5th 1021, 1029.)

pay it, but he did not.  By failing to object and argue he did not have the ability to pay the… restitution fine, [Garcia] forfeited the argument the court violated his constitutional rights by imposing the fine without considering his ability to pay."[5]  (*People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1033.)  "By failing to object to the $10,000 restitution fine … [Garcia] left no doubt he would not have challenged the much lower assessments …."  (*Id.* at p. 1034.)  Accordingly, there is no due process error.

## DISPOSITION

The judgment is affirmed.

SNAUFFER, J.

WE CONCUR:

HILL, P. J.

SMITH, J.

---

[5] In setting a restitution fine above the statutory minimum, a trial court is required to consider "the defendant's inability to pay ..."  (§ 1202.4, subd. (d).)